IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH STEVENSON,                          *

      Petitioner,                          *               Civil No. RDB-11-0049

      v.                                   *               Criminal No. RDB-08-0588

UNITED STATES OF AMERICA,                  *

      Respondent.                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

The *pro se* petitioner Keith Stevenson ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 51, 55). Petitioner challenges his sentence of 120 months imposed by this Court on January 13, 2010, on the ground that he received ineffective assistance of counsel. Pending before this Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 51) and Supplemental to his Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 55), in which Petitioner moves to amend his original petition. On May 3, 2011, the government filed a Response in Opposition to Petitioner's Amended § 2255 Motion (ECF No. 59), to which Petitioner replied on June 29, 2011 (ECF No. 62). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). As an initial matter, Petitioner is permitted to amend his Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF Nos. 51, 55) is DENIED.

BACKGROUND

On August 5, 2008, members of the Baltimore Police Department observed Petitioner and another man engaged in a suspected drug transaction in a van located in the 1100 block of Gittings Avenue.  Pet Am. Mot. 2, ECF No. 55.  Officers smelled marijuana emanating from the van, and upon looking into the van, the officers saw a large clear plastic bag they believed to contain marijuana.  Plea Agreement, Attach. A, Nov. 13, 2009, ECF No. 40.  The officers then arrested both men, at which point they recovered $16,027 from Petitioner's pockets and $3,236 from the other man's pockets.  *Id.*

Pertinent to this motion, members of the Baltimore Police Department, in the course of their investigation, obtained a search warrant for and conducted a search of 1111 Gittings Avenue, Baltimore, Maryland, where Petitioner's step-father resided and where Petitioner resided and maintained his own room.  *Id.*  Upon searching the residence, officers found, two bags containing approximately 3.97 grams of cocaine.  *Id.*  Petitioner was originally indicted on three counts by a federal grand jury.  Indictment, Dec. 16, 2008, ECF No. 1.

On November 13, 2009, Petitioner pled guilty to count one of the indictment, which charged him with possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 814(a)(1).  Plea Agreement, ECF No. 40.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Petitioner and Government agreed that "a sentence of 120 months imprisonment . . . is the appropriate disposition of this case."  *Id.* ¶ 11.  Because this Court accepted the Plea Agreement, it was bound to impose the sentence to which Petitioner agreed.  *See* Fed. R. Crim. P. 11(c)(1)(C) ("[A] recommendation or request [that a specific sentence is the appropriate disposition] binds the court once the court accepts the plea agreement.").  Accordingly, on

January 12, 2010, Petitioner was sentenced to 120 months imprisonment followed by three years of supervised release.  Judgment, Jan. 13, 2010, ECF No. 47.

On January 6, 2011, Petitioner submitted his first Motion to Vacate, which claims ineffective assistance of counsel in Petitioner's case before this Court.  Pet. Mot. 5, ECF No. 51. On February 28, 2011, this Court received Petitioner's Motion to Amend his Motion to Vacate. Pet. Am. Mot, ECF No. 55.  Petitioner seeks to have his original conviction vacated so that he may withdrawal his plea of guilty and continue to trial.

STANDARD OF REVIEW

**I.      Motion to Amend Pleadings Pursuant to Rule 15(a)**

Purusant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once, as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading."  Fed. R. Civ. P. 15(a).  Where a petitioner proceeds without the aid of counsel, his pleadings are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**II.     Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Challenging a Guilty Plea Based on Ineffective Assistance of Counsel.**

To successfully challenge a guilty plea by claiming ineffective assistance of counsel, Petitioner must satisfy both prongs of the two-part test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  Under the first prong of the *Strickland* test, a defendant must show that counsel's performance was so deficient as to fall below an "objective standard of reasonableness" based on "prevailing professional norms."  466 U.S. at 687-88.  Counsel's performance must be analyzed "from counsel's perspective at the time," in order to "eliminate the distorting effects of hindsight."  *Id.*

at 689.  In assessing counsel's performance, judicial scrutiny "must be highly deferential" with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*

The second prong of the *Strickland* test requires a defendant to affirmatively show that counsel's alleged error had an "adverse effect on the defense."  *Id.* at 693.  To establish this level of prejudice when the ineffective assistance of counsel claim challenges a guilty plea, the defendant must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty, and would have insisted on going to trial."  474 U.S. at 59.  If a defendant cannot demonstrate both that counsel's performance was deficient and the alleged deficiency negatively impacted the outcome of the proceeding, the ineffectiveness claim will fail.  *See* 466 U.S. at 697.

ANALYSIS

**I.      Motion to Amend Pleadings Pursuant to Rule 15(a)**

Petitioner requests leave to amend his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Government has not opposed Petitioner's Motion to Amend.  Because Petitioner's pleading was one to which a responsive pleading was required, Order, Mar. 3, 2011, ECF No. 56, Federal Rule of Civil Procedure 15(a) enables him to amend his pleading, as a matter of course, within 21 days of the government's response to his original § 2255 Motion.  Fed. R. Civ. P. 15(a).  Since Petitioner filed his Motion to Amend (ECF No. 55) prior to the Government's Response (ECF No. 59), his Motion to Amend is timely and therefore GRANTED.   Accordingly, Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 55)  is considered below.

**II.      Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §
2255, Challenging a Guilty Plea Based on Ineffective Assistance of Counsel**

Petitioner claims his counsel provided him with ineffective assistance by recommending
that he plead guilty rather than proceed to trial.   Specifically, Petitioner alleges ineffective
assistance due to his counsel's failure to file a motion requesting a hearing to suppress evidence
obtained during the search of the 1111 Gittings Avenue residence.  *See Franks v. Delaware*, 438
U.S. 154, 171-72 (1978); Pet. Am. Mot. 6, EFC No. 55.   Because counsel knew of various
affidavits contradicting the statements in the search warrant affidavit that provided probable
cause for the search, Petitioner asserts counsel should have filed a *Franks* motion to suppress the
evidence obtained through the search.  Pet. Am. Mot. 3-4, ECF No. 55.  Petitioner also maintains
counsel knew of pending civil charges against the officers who searched the 1111 Gittings
Avenue residence.  *Id.* at 4-5.  Because the pending charges also alleged an unjustified search,
Petitioner claims the charges would have called the credibility of the officers into question.  *Id.*
For the reasons outlined below, Petitioner's arguments fail to satisfy the first prong of the
*Strickland* test.   There is no need to address the second prong "of the inquiry if [Petitioner]
makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

**A.      At the Time Counsel Recommended Petitioner Accept the Plea
Agreement, Counsel Could Reasonably Have Believed it Was Unlikely
That a Motion for a *Franks* Hearing Would Be Successful.**

Petitioner contends counsel's recommendation that Petitioner accept the plea agreement
constituted ineffective assistance in light of evidence, of which counsel was aware, supporting a
potential *Franks* motion.    In considering whether counsel's recommendation constituted
performance that fell below an "objective standard of reasonableness," this Court must consider
all the circumstances faced by Petitioner and his counsel at the time the recommendation was
made.  *Strickland*, 466 U.S. at 689.  It is relevant, therefore, to consider the likelihood of success

of a potential *Franks* motion from counsel's perspective.  *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (concluding that the determination that "defense counsel's performance was not deficient when he counseled [defendant] to abandon a claim that stood almost no chance of success" was not unreasonable).  In *Franks*, the Supreme Court clarified the Fourth Amendment requirement of an oath or affirmation providing probable cause.  438 U.S. at 164.  The Court stated that the showing must be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true."  438 U.S. at 165.  Petitioner's potential *Franks* motion was based on the allegation that he told VCID detectives that he was in the area on that evening "visiting his father at the 1111 Gittings Avenue residence" (Pet. Am. Mot. 2, ECF No. 55)  as opposed to the statement in the search warrant affidavit that petitioner said "he sometimes resides at 1111 Gittings Avenue" (Mem. in Opp'n, Attach. 3, 7, May 3, 2011 ECF No. 59).

To merit an evidentiary hearing pursuant to *Franks*, Petitioner would have to allege a "deliberate falsehood or [] reckless disregard for the truth" and provide "an offer of proof" with "reliable statements of witnesses."  438 U.S. at 171.  Petitioner claims the statement in the search warrant affidavit was a "deliberate falsehood" and that without the statement, there was no probable cause for the search.  Pet. Am. Mot. 15, ECF No. 55.  Petitioner's burden of proving this "deliberate falsehood" in the search warrant affidavit would have been against a "presumption of validity with respect to the affidavit supporting the search warrant."  438 U.S. at 171.

In support of his claim, Petitioner refers to affidavits from his father and a neighbor that allegedly contest the information in the search warrant affidavit.  Pet. Am. Mot. 10-11, ECF No. 55.  Petitioner has not submitted the affidavits with his Motion.  However, even assuming the affidavits contain the information alleged by Petitioner, it is unlikely that they meet the burden of

establishing a deliberate falsehood.  Furthermore, it is unclear that the removal of the allegedly false statements would eliminate probable cause from the search warrant affidavit, as the affidavit sets out a detailed investigation, culminating with the arrest of the defendant in a van parked in the vicinity of 1111 Gittings Avenue. Search Warrant 20-21, ECF No. 59, Ex. 3.

Petitioner also refers to a pending civil lawsuit against several of the officers involved in his investigation, which allegedly calls into question the credibility of the officers.  Pet. Am. Mot. 12-13, ECF No. 55.  The pending lawsuit alleged that some of the officers involved in the search of the Gittings Avenue residence had conspired to conduct an illegal and unjustified search in a separate investigation.  *Id.*  Since the lawsuit was unrelated to Petitioner's case, and was unadjudicated at the time of counsel's recommendation, it fails to establish any proof of a deliberate falsehood in the search warrant affidavit in this case.

When weighed against a presumption of validity with respect to the affiant's statements, counsel could reasonably have concluded it was unlikely that the alleged discrepancies as to the statements in the search warrant affidavit constituted the requisite "offer of proof" with "reliable statements of witnesses" to merit a *Franks* hearing.

**B.**    **Counsel's Strategic Recommendation Fell Within the Wide Range of Reasonable Professional Assistance.**

Petitioner claims that counsel's recommendation that Petitioner accept the plea agreement constituted ineffective assistance because the recommendation was not strategic, but the result of a failure to properly assess the evidence.  Pet. Am. Mot. 22, ECF No. 55.  Petitioner relies primarily on *Kimmelman v. Morrison*, 477 U.S. 365 (1986), to support his claim that counsel's recommendation was not strategic.  Pet. Am. Mot. 22, ECF No. 55.  However, in *Kimmelman*, counsel completely failed to investigate potential defenses, which led the Court to conclude that counsel's failure to raise the defenses was not strategic.  477 U.S. at 385.  In this case, (1)

Petitioner's admissions in his Amended Motion, (2) his statements in the colloquy conducted pursuant to Rule 11 of the Federal Rules of Civil Procedure, and (3) counsel's filings before this Court indicate that counsel thoroughly investigated the law and facts giving rise to a potential *Franks* claim prior to recommending that Petitioner accept the plea agreement.  Thus, counsel's recommendation was a "virtually unchallengeable" strategic choice.  *See Strickland*, 466 U.S. at 690.  See also *Roach v. Martin*, 757 F.2d 1463, 1477 (4th Cir. 1985) ("[U]nder *Strickland*, we should be extraordinarily slow to second-guess counsel's trial strategy.").

In his Amended Motion, Petitioner details counsel's thorough investigation of the facts surrounding the search,[1] and later states that counsel "was aware of all the facts which give rise to the *Franks* claim." Pet. Am. Mot. 3-6; 21, ECF No. 55.  Furthermore, prior to recommending the plea agreement, counsel moved to suppress statements made by Petitioner to law enforcement, and in the same motion, reserved the right to a later *Franks* hearing.  Mot. to Suppress 2, Dec. 13, 2009, ECF No. 15.  Petitioner's statement and his counsel's motion before this Court directly undermine Petitioner's contention that counsel failed to properly assess the evidence.

It is also instructive to consider the statements made by Petitioner in the Rule 11 colloquy.  The United States Court of Appeals for the Fourth Circuit has held that in the absence of "extraordinary circumstances," the truth of statements made in a Rule 11 colloquy is "conclusively established" and that a district court should "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."   *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005); *see also United States v. Morrow*, 914 F.2d 608

---

[1] Prior to recommending the plea agreement, Petitioners' father and other witnesses to the search were interviewed as instructed by Petitioner's counsel.  (Pet. Am. Mot. 3; 4-5, ECF No. 55). Counsel was also aware of the pending charges against the detectives who conducted the search at the time she recommended the plea agreement.  *Id.*

(4th Cir. 1990) ("[S]uch declarations made in open court carry a strong presumption of veracity."). In the Rule 11 colloquy, Petitioner stated under oath that he "discussed the whole situation with [counsel], including the evidence in the case" and that there was nothing he "asked [counsel] to do which she's not done." These statements directly contradict Petitioner's claim that his counsel's investigation was inadequate. Hr'g 6:12-13, 7:4-5, Nov. 13, 2009, ECF No. 59, Ex. 2. Petitioner has set forth no extraordinary circumstances which draw the truth of his statements at the Rule 11 colloquy into question. *Compare United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (acknowledging unique and extraordinary circumstances where the Government conceded that the guilty plea was involuntary), *with Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996) (holding that extraordinary circumstances requiring a § 2255 hearing did not exist where Petitioner's efforts to refute statements he had made in open court were "unsubstantiated").

Finally, the Government notes that at the time the plea agreement was signed, Petitioner faced a minimum mandatory sentence of 20 years imprisonment upon conviction of the three counts in the indictment. Government Mot. in Opp'n 11, ECF No. 59. Alternatively, the plea agreement recommended by counsel involved a recommended sentence of 10 years imprisonment. Plea Agreement, ECF No. 40. Considering the improbability that Petitioner would be granted a *Franks* hearing, the favorable sentence Petitioner received as a result of the plea agreement further demonstrates the reasonableness of counsel's recommendation to accept the agreement.

In light of (1) the heavy burden of proof associated with a motion requesting a *Franks* hearing (2) Petitioner's own description of counsel's thorough investigation, and (3) the favorable sentence to which Petitioner agreed, Petitioner fails to meet his burden of proving that

counsel's strategic recommendation fell below the "wide range of reasonable professional assistance." Thus, Petitioner fails to satisfy the first prong of the *Strickland* test.

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion to Amend (ECF No. 55) is GRANTED and Petitioner's Amended Motion to Vacate (ECF No. 55) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate order follows.

Dated:          October 12, 2012

/s/_____
Richard D. Bennett
United States District Judge